UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES L. JONES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 4:09CV1656 HEA |
| | ) | |
| MICHAEL BOWERSOX, | ) | |
| | ) | |
| Respondent. | ) | |

# OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Magistrate Judge Noce's Order and Recommendation of January 10, 2011. Judge Noce recommends that Petitioner's Petition for Writ of Habeas Corpus, [Doc. No. 1], be denied. Petitioner has filed written objections to the Report and Recommendation. Petitioner has also filed a Motion to Expand the Record, [Doc. No. 34] and a Motion for the Court to Exercise its Discretion to Rehear Evidence or Additional Arguments, [Doc. No. 35]. Because the Court finds that there is no basis upon which to grant habeas relief based on the record before it, these motions will be denied.

When a party objects to the magistrate judge's report and recommendation, the Court must conduct a *de novo* review of the portions of the report, findings, or recommendations to which the party objected. See *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir.2003) (citing 28 U.S.C. § 636(b)(1)). For the reasons set

forth below, Petitioner's Petition for Writ of Habeas Corpus is denied.

## **Standard of Review**

The Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254 (AEDPA) applies to all petitions for habeas relief filed by state prisoners after the statute's effective date of April 24, 1996. When reviewing a claim that has been decided on the merits by a state court, AEDPA limits the scope of judicial review in a habeas proceeding as follows:

> An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d).

In reviewing a state court conviction, a federal court also presumes that a

state court's factual determinations are correct; this presumption may be rebutted only by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). In construing AEDPA, the United States Supreme Court, in *Williams v. Taylor*, 529 U.S. 362 (2000), held that:

> Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the U.S. Supreme Court] on a question of law or if the state court decides a case differently than [the U.S. Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the U.S. Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams*, 529 U.S. at 412-13. Furthermore, the *Williams* Court held that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 409. See also, *Bell-Bey v. Roper*, 499 F.3d 752, (8th Cir. 2007)("To be unreasonable, the state court's application of Supreme Court precedent must have been 'objectively unreasonable,' a standard that is more demanding than simply being 'incorrect or erroneous.' *Wiggins v. Smith*, 539 U.S. 510, 520-21(2003).").

"'Federal law, as determined by the Supreme Court,' refers to 'the holdings,

as opposed to the dicta, of [the Supreme] Court's decisions.'" *Evenstad v. Carlson*, 470 F.3d 777, 782-83 (8th Cir.2006) (quoting *Williams v. Taylor*, 529 U.S. 262, 412 (2000)). To obtain habeas relief, a habeas petitioner must be able to point to the Supreme Court precedent he thinks the state courts acted contrary to or applied unreasonably. *Id*. at 283 (citing *Buchheit v. Norris*, 459 F.3d 849, 853 (8th Cir.2006); *Owsley v. Bowersox*, 234 F.3d 1055, 1057 (8th Cir.2000)). Thus, where there is no federal law on a point raised by a habeas petitioner, a federal court cannot conclude either that a state court decision is "'contrary to, or involved an unreasonable application of, clearly established Federal law' under 28 U.S.C. § 2254(d)(1)." *Id*. at 784. "When federal circuits disagree as to a point of law, the law cannot be considered 'clearly established' under 28 U.S.C. § 2254(d)(1). *Id*. at 783 (citing *Tunstall v. Hopkins*, 306 F.3d 601, 611 (8th Cir.2002)). See also *Carter v. Kemna*, 255 F.3d 589, 592 (8th Cir.2001) (holding that in the absence of controlling Supreme Court precedent, a federal court cannot reverse a state court decision even though it believes the state court's decision is "possibly incorrect").

## **Discussion**

Petitioner's objections hinge on his interpretation of the plea agreement he entered into with the State of Missouri. Petitioner was initially charged with one count of first-degree murder, in violation of Section 565.020, RSMo. 1994, for

knowingly causing, after deliberation, the death of Deborah Robinson. The State filed notice of its intent to seek the death penalty. Subsequent to this notice, Petitioner and the State entered into a plea agreement. Petitioner agreed to plead guilty and to provide truthful information and testimony regarding the on-going investigations of the murder and the money laundering with which Petitioner was also charged, including information and corroborating evidence about others who may have participated in these crimes. In exchange, the State agreed to amend the first-degree murder charge to second-degree murder, in violation of Section 565.021, RSMo. 1994, and to consolidate the murder and the money laundering cases. The State also agreed to recommend sentences of life imprisonment for the murder charge, and 15 years imprisonment on the money laundering charge.

Included in the plea agreement was the provision that Petitioner agreed to waive any right to file a post conviction relief motion, and that in the event that he did file any post conviction relief action in any state or federal court seeking to set aside the pleas entered to the charges alleged in the Substitute Information, then the terms of the plea agreement would become null and void.

Petitioner did indeed file a post conviction motion, as well as this habeas petition. Petitioner takes the position that by filing the post conviction motion, the plea agreement has become null and void, and therefore, his guilty pleas are also

void. He argues that he was promised that he would be placed in a position where he could be charged with first degree murder if he filed a post conviction motion, thereby making his plea to the lesser charge of murder in the second degree null and void.

In considering Petitioner's claims and concluding that the Missouri Court of Appeal did not violate clearly established federal law, nor that it applied the law unreasonably, Judge Noce thoroughly discussed the contractual nature of plea agreements, and the constitutional safeguards which must be followed. Judge Noce concluded that the plea agreement, and the circumstances surrounding the acceptance of the plea agreement by the Missouri court were not ambiguous. Petitioner was extensively questioned by the Missouri trial court judge as to his understanding of the plea agreement. As the Missouri Court of Appeals recognized, Petitioner entered into the plea agreement to avoid going to trial on the first-degree murder charge and being subject to the death penalty.

Petitioner's argument contains two significant flaws. Petitioner attempts to persuade the Court that he misunderstood that he could not invalidate his guilty plea by filing his post conviction motion. Petitioner urges that he seeks to be in a position of having the first degree murder charge reinstated, which is why he wants to withdraw his guilty plea. While it may be that Petitioner is now more

informed on the law and has had more time to research, the Court is hard pressed to believe that Petitioner actually desires to have the first degree murder charges reinstated so that Petitioner would now be faced with proceeding to trial on that charge with the possibility of the imposition of the death penalty.

The second flaw in Petitioner's argument is that it fails to recognize that his position does not take into account the mutuality of promises required in making a contract. Were Petitioner's interpretation of the plea agreement accurate, the State would not have gained anything by entering into the agreement. The State agreed to forego its first degree murder charge in exchange for Petitioner's plea to murder in the second degree thereby saving the State from the expense of a trial. If the agreement were voidable at any time by Petitioner through the filing of a post conviction motion, the State would gain nothing by ever entering into a plea agreement, since it would be in the exact same position it was in at the filing of the original charges. Stated differently, and more basically, the State would have no reason to enter into the plea agreement if it would be obliged to reinstate the original charges against Petitioner subsequent to the entry of the agreement.

## **Conclusion**

Judge Noce's Order and Recommendation carefully considers Petitioner's

arguments and the applicable law. The Court agrees that Petitioner's plea was entered into knowingly, voluntarily and intelligently. As such, Petitioner's objections are overruled and the Court will adopt Judge Noce's Recommendations in their entirety.

Accordingly,

**IT IS HEREBY ORDERED** that the Petition of Charles L. Jones for a Writ of Habeas Corpus, [Doc. No. 1], is **DENIED**.

**IT IS FURTHER ORDERED** that the motion of Petitioner Charles L. Jones for summary judgment, [Doc. No. 26], is **DENIED**.

**IT IS FURTHER ORDERED** that the motion of Petitioner Charles L. Jones for judgment on the pleadings, [Doc. No. 27], is **DENIED**.

**IT IS FURTHER ORDERED** that the motion to Expand the Record, [Doc. No. 34], is **DENIED**.

**IT IS FURTHER ORDERED** that the motion for this Court to Exercise its Discretion to Rehear Evidence or Additional Arguments, [Doc. No. 35], is **DENIED**.

A separate Judgment in accordance with this Memorandum and Order is entered this same date.

Dated this 29th day of March, 2011.

　　　　　　　　　　　　　　　　　　HENRY EDWARD AUTREY
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE